UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARCINE COOK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:17-cv-00184-RLM-MJD |
| | ) |
| BRIAN SMITH Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Arcine Cook ("Mr. Cook") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-02-0019. For the reasons explained in this Entry, Mr. Cook's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-445 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-571 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On January 30, 2017, Officer Hylton wrote a Conduct Report charging Mr. Cook with engaging in an unauthorized financial transaction. Indiana Department of Prisons Policy 02-04-101 Appendix I defines the charge as:

> "Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction."

Dkt. 8-8.

The Conduct Report states:

> On 01/30/2017 at approx. 1820 hrs., phone calls were reviewed in tower #1 by C/O N. Hylton #449. A phone call made by offender Arcine Cook #249635 does confirm that offender Cook did engage in an unauthorized financial transaction. The call was made on 01/22/2017 at 1947 hrs. To 219-359-9117 from 17NB 3. 01:25 Cook: Did you pick up the demo? Female: Yeah. Yeah Cook: For a cinnam [sic], for a honey bun. Right? Female: Yeah. Cook: I need 70 of that. 01:37 Female: Oh, no. Cause you made me late for work man. 01:49 Female: I was like 30, 40 minutes late for work cause I had to leave right then. Dang I was gonna say like 60/40 at the most, but when I got so late for work, I'm like, God damn. I might need that whole half. Cook: I can't give you half of everything Donna. That's what I'm tellin you. I got bills I have to pay too. Cook: I can't pay my bills if I'm giving you half of everything. I gotta pay phone, phone money and pay my bills. I got a 1200 dollar bill hanging over my head. Female: Bill for what? You didn't tell me bout no bill. What you talkin about? Cook: Because I can't talk on the phone like that. 02:43 Cook: If my cousin gain them, God damn it, out there on 8th avenue doin what they doin, shit, they still gotta re-up. 03:32 I'm losin. I have made 30 dollars fuckin wit you. That's it. 04:15 Cook: Do the 60/40. Just put it on my books.

Dkt. 8-1.

Mr. Cook was notified of the charge on February 2, 2017, when he received the Conduct Report. He pleaded not guilty to the charge.

A hearing was held on February 9, 2017. Based on Mr. Cook's statement and the staff reports, the hearing officer found Mr. Cook guilty of engaging in an unauthorized financial

transaction. The sanctions imposed included sixty-days lost earned credit time, thirty-days lost phone privileges, and the imposition of a suspended sanction of thirty-days lost earned credit time from a prior disciplinary action.

Mr. Cook appealed to facility head and the Department of Correction final reviewing authority. The first appeal was denied and the second appeal resulted in a modification removing the imposition of the previously suspended sanction of thirty days lost earned credit time because it had been imposed outside the six-month limit provided in facility policy. Mr. Cook then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Cook argues that he wasn't engaged in an unauthorized financial transaction and that he didn't violate the facility policies on unauthorized financial transactions or inmate trust fund accounts. Instead, he says he was discussing his legal and phone bills with his cousin and asking her to deposit money in his prison account to cover his expenses. Dkt. 2.

To the extent Mr. Cook challenges prison policies, habeas relief is not available. Relief under § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines don't constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). So claims based on prison policy don't form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from

procedures outlined in the prison handbook that have no bearing on his right to due process")., Mr. Cook is not entitled to relief on this basis.

Mr. Cook's claims essentially challenge the sufficiency of the evidence against him. The "some evidence" standard governs challenges to the sufficiency of the evidence. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). [T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Supt. v. Hill*, 472 U.S. at 455-456. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Cook argues that he did not discuss the use or possession of credit cards, but the facility policy on unauthorized financial transactions doesn't require the use or possession of credit or debit cards to violate it. Engaging in an unauthorized financial transaction is a violation of the policy, with our without the use of credit or debit cards.

Similarly, Mr. Cook argues that he didn't violate the prison policy on inmate trust funds because his cousin was authorized to deposit money into his prison account. The Conduct Report doesn't allege that Mr. Cook violated the policy regarding trust accounts. Instead, the Conduct Report provides some evidence that Mr. Cook engaged in an unauthorized financial transaction when he spoke with his cousin using coded terms such as "honey bun" and "demo" and discussing

how to divide money between the two of them. This supports an inference that the money Mr. Cook expected to receive from his cousin wasn't a gift, but was instead the proceeds of an unauthorized financial transaction. The evidence is sufficient to sustain the disciplinary conviction.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff v. McDonnell*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Mr. Cook to the relief he seeks. Accordingly, Mr. Cook's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: October 17, 2017

/s/ Robert L. Miller, Jr.
United States District Judge
Sitting by designation

Distribution:

ARCINE COOK
249635
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov